UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA     *    Case No. 19-CR-02(RML)
                       *
                       *    Brooklyn, New York
                       *    March 9, 2020
    v.              *
                       *
ROBERT MARTINEZ, JASON REYES, *
and JEFFREY CAAMANO,      *
                       *
        Defendants.   *
                       *

* * * * * * * * * * * * * * *

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:        JENNIFER SASSO, ESQ.
                       Asst. United States Attorney
                       United States Attorney's Office
                       271 Cadman Plaza
                       Brooklyn, NY 11201

For Defendant Martinez:    LANCE LAZZARO, ESQ.
                       Lazzaro Law Firm, P.C.
                       360 Court Street, Suite 3
                       Brooklyn, NY  11231

For Defendant Reyes:       GERALD DiCHIARA, ESQ.
                       The Law Offices of Gerald
                         DiChiara
                       585 Stewart Ave. L-16
                       Garden City, NY  11530

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

APPEARANCES Cont'd.:

For Defendant Caamano:          GARY S. VILLANUEVA, ESQ.
                                11 Park Place, Suite 1601
                                New York, NY  10007

1          (Proceedings commenced at 11:43 a.m.)

2               THE CLERK:  Criminal cause for a pleading, Case No.

3     19-CR-2, United States v. Robert Martinez.  And today, we're

4     seeing defendant -- defendants Robert Martinez, Jason Reyes,

5     and Jeffrey Caamano.

6               If counsel could all please state their

7     appearances?

8               MR. LAZZARO:  Lance Lazzaro for Robert Martinez.

9               MR. DiCHIARA:  Gerald DiChiara for Jason Reyes.

10              THE COURT:  Good morning.

11              MR. VILLANUEVA:  Gary Villanueva for Jeffrey

12    Caamano.  Good morning, Your Honor.

13              THE COURT:  Good morning.  Gentlemen, could you --

14              MS. SASSO:  Jennifer Sasso for the United States.

15    Good morning, Your Honor.

16              THE COURT:  Yes.  Gentlemen, could you say your

17    name for the record?

18              DEFENDANT MARTINEZ:  Robert Martinez.

19              DEFENDANT CAAMANO:  Jeffrey Caamano.

20              DEFENDANT REYES:  Jason Reyes.

21              THE COURT:  All right.  Thank you.

22              THE CLERK:  And then we'll -- we'll swear in each

23    of the defendants.  I guess we'll start with Mr. Martinez.

24    Can you please raise your right hand?

25              (Defendant Martinez is sworn.)

1          THE CLERK:  Thank you.  And can you also state your

2     name one more time for the record?

3          DEFENDANT MARTINEZ:  Robert Martinez.

4          THE CLERK:  Thank you.

5          So then we'll do Mr. Caamano next.  Raise your

6     right hand.

7        (Defendant Caamano is sworn.)

8          THE CLERK:  Thank you.  And state your name one

9     more time for the record.

10          DEFENDANT CAAMANO:  Jeffrey Caamano.

11          THE CLERK:  Thank you.

12          And then Mr. Reyes.  Raise your right hand.

13        (Defendant Reyes is sworn.)

14          THE CLERK:  Thank you.  And your name one more time

15     for the record.

16          DEFENDANT REYES:  Jason Reyes.

17          THE CLERK:  Thank you so much.

18          THE COURT:  All right.  So, I think we should go in

19     the order, starting with my left with Mr. DiChiara and then

20     Mr. Villanueva, and then Lazzaro, with each of your clients.

21          And so, I'll ask a question.  The questions will be

22     the same for each one of you up to a certain point, and then

23     we'll individualize.

24          So the first set of questions I have has to do with

25     the consent to have your plea taken before a magistrate

1    judge.  And as the form says, and the form that you've each

2    signed says that you understand that you have a right to have

3    your plea heard by a district judge.  That would be Judge

4    Korman, who is the judge who will read this transcript,

5    decide whether to accept your plea, and will sentence you.

6         If you prefer to have Judge Korman hear the plea,

7    I'm sure he'd be happy to do it and he wouldn't hold that

8    against you, but I understand that you're here today because

9    you'd like to have me hear the plea and make a recommendation

10   to Judge Korman.

11        So why don't we start?  Each of you just say your

12   name and say whether you understand what I just said.

13        DEFENDANT REYES:  Jason Reyes.  Yes, I understand,

14   sir.

15        THE COURT:  And are you making this decision

16   voluntarily?

17        DEFENDANT REYES:  Yes, sir.

18        THE COURT:  Do you have any questions about what

19   you're doing?

20        DEFENDANT REYES:  No.

21        THE COURT:  Okay.  Sir?

22        DEFENDANT CAAMANO:  Jeffrey Caamano, and I

23   understand everything, Your Honor.

24        THE COURT:  Okay.  And are you making this decision

25   voluntarily?

1          DEFENDANT CAAMANO:  Yes, Your Honor.

2          THE COURT:  And do you have any questions?

3          DEFENDANT CAAMANO:  No, Your Honor.

4          THE COURT:  And finally, Mr. Martinez?

5          DEFENDANT MARTINEZ:  Robert Martinez.  I

6    understand, Your Honor.

7          THE COURT:  Okay.  Are you making this decision

8    voluntarily?

9          DEFENDANT MARTINEZ:  Yes, Your Honor.

10         THE COURT:  And do you have any questions about

11   what you're doing?

12         DEFENDANT MARTINEZ:  No, Your Honor.

13         THE COURT:  All right.  So you're all under oath,

14   and that means that you'll be answering a number of questions

15   that I have.  Under oath, you have to be honest and truthful,

16   and your answers have to be complete.  If you make any false

17   statements, you could be prosecuted for perjury.

18         Do you each understand?

19         DEFENDANT REYES:  Yes.

20         THE COURT:  Just say your name first.

21         DEFENDANT REYES:  Jason Reyes.  Yes.

22         THE COURT:  Mr. Caamano.

23         DEFENDANT CAAMANO:  Jeffrey Caamano.  Yes, Your

24   Honor.

25         DEFENDANT MARTINEZ:  Robert Martinez.  Yes, Your

1    Honor.

2              THE COURT:  So the first part of this proceeding

3    will be to make sure that -- that you understand all of your

4    rights.  And so it's for your benefit and it's for the

5    Court's benefit as well.

6              So why don't we start with -- how old are you, sir?

7              DEFENDANT REYES:  I'm 36 years of age, sir.

8              THE COURT:  And just say your name once again.

9              DEFENDANT REYES:  Jason Reyes.

10             THE COURT:  Okay.  And, Mr. Caamano?

11             DEFENDANT CAAMANO:  Jeffrey Caamano.  Thirty-one

12   years old.

13             THE COURT:  And Mr. Martinez?

14             DEFENDANT MARTINEZ:  Robert Martinez.  I'm 35 years

15   old.

16             THE COURT:  Mr. Reyes, what's the last level of

17   schooling that you completed?

18             DEFENDANT REYES:  GED and I got a combination

19   welding/technology degree from APEX.

20             THE COURT:  Okay.  And, Mr. Caamano?

21             DEFENDANT CAAMANO:  A GED.

22             THE COURT:  Okay.  And, Mr. Martinez?

23             DEFENDANT MARTINEZ:  Robert Martinez.  GED and one

24   semester of New York City type marketing.

25             THE COURT:  Okay.  Are you now or have you recently

1    been under the care of a doctor or a psychiatrist?

2              Mr. Reyes?

3              DEFENDANT REYES:  No.

4              THE COURT:  Mr. Caamano?

5              DEFENDANT CAAMANO:  Yes, Your Honor.

6              THE COURT:  Could you be specific?  When did you

7    last see a doctor?

8              DEFENDANT CAAMANO:  They gave me -- they assigned

9    me weekly therapy sessions and I see a psychiatrist once a

10   month.

11             THE COURT:  Okay.

12             DEFENDANT CAAMANO:  Dr. Armine, Your Honor.

13             THE COURT:  All right.  And let me ask you a few

14   more questions.  In the past 24 hours, have you taken any

15   medicine or pills of any kind?

16             DEFENDANT CAAMANO:  Yes, Your Honor.

17             THE COURT:  And can you put on the record what they

18   are?

19             DEFENDANT CAAMANO:  Remeron.  It's for sleep.

20             THE COURT:  Okay.  Does that affect your ability to

21   think or to concentrate or to understand?

22             DEFENDANT CAAMANO:  No, Your Honor.

23             THE COURT:  Do you feel any side effects from the

24   medication at this point?

25             DEFENDANT CAAMANO:  No, Your Honor.

1          THE COURT:  All right.  Does it help you in -- to

2     concentrate and think and pay attention?

3          DEFENDANT CAAMANO:  No, Your Honor.

4          THE COURT:  It's only for sleep?

5          DEFENDANT CAAMANO:  Yes.

6          THE COURT:  Okay.  Any other medication?

7          DEFENDANT CAAMANO:  No, Your Honor.

8          THE COURT:  Okay.  Mr. Martinez, are you now or

9     have you recently been under the care of a doctor or a

10    psychiatrist?

11         DEFENDANT CAAMANO:  No, Your Honor.

12         THE COURT:  Mr. Reyes, in the past 24 hours, have

13    you taken any medicine or pills?

14         DEFENDANT REYES:  No, Your Honor.

15         THE COURT:  Any narcotic drugs?

16         DEFENDANT REYES:  No, Your Honor.

17         THE COURT:  Drunk any alcoholic beverages?

18         DEFENDANT REYES:  No, Your Honor.

19         THE COURT:  Is your mind clear now?

20         DEFENDANT REYES:  Yes, sir.

21         THE COURT:  Do you understand why you're here and

22    what's happening here today?

23         DEFENDANT REYES:  Sir, yes, sir.

24         THE COURT:  All right.  Mr. Caamano, in the past 24

25    hours have you taken any narcotic drugs or drunk any

1     alcoholic beverages?

2             DEFENDANT CAAMANO:  No, Your Honor.

3             THE COURT:  Have you ever been hospitalized or

4     treated for narcotic addiction?

5             DEFENDANT CAAMANO:  No, Your Honor.

6             THE COURT:  Is your mind clear?

7             DEFENDANT CAAMANO:  Yes, Your Honor.

8             THE COURT:  And do you understand why you're here

9     and what's happening here?

10             DEFENDANT CAAMANO:  Yes, Your Honor.

11             THE COURT:  Mr. Reyes, have you ever been

12     hospitalized or treated for narcotic addiction?

13             DEFENDANT REYES:  Yes, Your Honor.

14             THE COURT:  Okay.  And how long ago was that?

15             DEFENDANT REYES:  A lot of my memories -- a lot of

16     things I can't remember from 2017.  I was in the hospital in

17     a coma, so a lot of things is just -- just question marks.I'm

18     trying to put things together now.

19             THE COURT:  Okay.  Anything since 2017?  Any

20     treatment for drugs or alcohol?

21             DEFENDANT REYES:  Oh, yes.  I was -- I was doing

22     heroin before the -- before I was arrested.

23             THE COURT:  Okay.

24             DEFENDANT REYES:  I had a heroin addiction.

25             THE COURT:  And how long ago were you arrested?

1     DEFENDANT REYES:  I believe I've been incarcerated

2     about 14 -- 13, 14 months.

3     THE COURT:  Okay.

4     MS. SASSO:  I have the arrest for December of 2018.

5     THE COURT:  December 2018.  Okay.  Since that time,

6     have you taken any narcotic drugs or --

7     DEFENDANT REYES:  No.

8     THE COURT:  And any treatment for alcoholism or

9     drug addiction?

10    DEFENDANT REYES:  In MCC I was drinking methadone

11    for about a week.

12    (Court and clerk confer.)

13    THE COURT:  I have to take a brief break.  I'll be

14    back in just a couple of minutes.

15    (Recess is taken from 11:51 a.m. to 12:00 p.m.)

16    THE CLERK:  We're going back on the record.  This

17    is Criminal Cause for Pleading, 19-CR-2.

18    (Pause)

19    THE COURT:  Mr. Reyes, have you ever been

20    hospitalized or treated for a mental or emotional problem?

21    DEFENDANT REYES:  Oh, no.

22    THE COURT:  Have you seen a psychiatrist or been in

23    a psychiatric hospital, for example?

24    DEFENDANT REYES:  No.

25    THE COURT:  Okay.  Mr. Caamano, just to

1  recapitulate.  You haven't -- have you taken any narcotic

2  drugs, medicine, pills, or alcoholic beverages in the past 24

3  hours?

4           DEFENDANT CAAMANO:  Yeah.  Just the --

5           THE COURT:  Other than that one sleeping pill.

6           DEFENDANT CAAMANO:  Oh, no.  That's it.  No, Your

7  Honor.

8           THE COURT:  Okay.  Thanks.  And, Mr. Martinez, same

9  question.

10          DEFENDANT MARTINEZ:  No, Your Honor.

11          THE COURT:  Have you ever been hospitalized or

12  treated for a mental or emotional problem?

13          DEFENDANT MARTINEZ:  No, Your Honor.

14          THE COURT:  And just to -- the same question to all

15  three of you.  Do you understand why you're here and what's

16  happening here at this time?

17          DEFENDANT REYES:  Yes, Your Honor.

18          DEFENDANT CAAMANO:  Yes, Your Honor.

19          DEFENDANT MARTINEZ:  Yes, Your Honor.

20          THE COURT:  Okay.

21          MS. SASSO:  Your Honor, if we could just go back

22  with Mr. Martinez.  I think there were still the questions

23  about psychiatric treatment, clear mind, drugs and alcohol.

24          THE COURT:  Oh, okay.  Thank you.

25          MS. SASSO:  Thank you.

1     THE COURT:  Mr. Martinez, have you ever been

2 hospitalized or treated for narcotic addiction, alcoholism,

3 or a mental or emotional problem?

4     DEFENDANT MARTINEZ:  No, Your Honor.

5     THE COURT:  And in the past 24 hours -- I'll ask

6 this question again -- have you taken any narcotic drugs,

7 medicine, pills, or alcoholic beverages?

8     DEFENDANT MARTINEZ:  No, Your Honor.

9     THE COURT:  Okay.  And again is your mind clear

10 now?

11     DEFENDANT MARTINEZ:  Yes, Your Honor.

12     THE COURT:  You understand what's happening here

13 today?

14     DEFENDANT MARTINEZ:  Yes, Your Honor.

15     THE COURT:  Thank you.  All right.  Question for

16 the lawyers.

17     Have you discussed this matter fully with your

18 client?  Mr. DiChiara?

19     MR. DiCHIARA:  On behalf of Mr. Reyes, yes, Your

20 Honor.

21     MR. VILLANUEVA:  On behalf of Mr. Caamano, yes,

22 Your Honor.

23     MR. LAZZARO:  On behalf of Mr. Martinez, yes, Your

24 Honor.

25     THE COURT:  Does your client understand the rights

1    he would be waiving by pleading guilty?

2              MR. DiCHIARA:  Reyes does, Your Honor.

3              MR. VILLANUEVA:  And so does Mr. Caamano.

4              MR. LAZZARO:  Mr. Martinez does.

5              THE COURT:  Is he capable of understanding the

6    nature of these proceedings?

7              MR. DiCHIARA:  Yes, for Reyes.

8              MR. VILLANUEVA:  Yes, for Mr. Caamano.

9              MR. LAZZARO:  Yes, for Mr. Martinez.

10             THE COURT:  Do you have any doubt as to his

11   competence to plead at this time?

12             MR. DiCHIARA:  No, on behalf of Reyes.

13             MR. VILLANUEVA:  No doubt on behalf of Mr. Caamano.

14             MR. LAZZARO:  No, on behalf of Mr. Martinez.

15             THE COURT:  Have you advised him of the possible

16   maximum/minimum sentence, fine, and other penalties that can

17   be imposed, and discussed with him the effect of the

18   sentencing guidelines?

19             MR. DiCHIARA:  Reyes, yes.

20             MR. VILLANUEVA:  Mr. Caamano, yes, Your Honor.

21             MR. LAZZARO:  Mr. Martinez, yes.

22             THE COURT:  Have you advised him that there's no

23   guarantee at this time what his guideline range will be or

24   what his sentence will be?

25             MR. DiCHIARA:  Reyes, yes.

1          MR. VILLANUEVA:  Yes, for Mr. Caamano.

2          MR. LAZZARO:  Yes, for Mr. Martinez.

3          THE COURT:  Have you advised him that if he is not

4     a citizen of the United States, a guilty plea could result in

5     deportation?

6          MR. DiCHIARA:  Yes, but he is a citizen.  Reyes.

7          MR. VILLANUEVA:  Yes, on behalf of Mr. Caamano.

8          MR. LAZZARO:  Yes, on behalf of Mr. Martinez.

9          THE COURT:  Okay.  Now going back to each of the

10     defendants.

11          Mr. Reyes, have you discussed your case fully with

12     your lawyer?

13          DEFENDANT REYES:  Yes, Your Honor.

14          THE COURT:  And are you satisfied to have him

15     represent you?

16          DEFENDANT REYES:  Yes, Your Honor.

17          THE COURT:  Mr. Caamano, have you discussed your

18     case fully with your lawyer?

19          DEFENDANT CAAMANO:  Yes, Your Honor.

20          THE COURT:  Are you satisfied to have him represent

21     you?

22          DEFENDANT CAAMANO:  Yes, Your Honor.

23          THE COURT:  Mr. Martinez, have you discussed your

24     case fully with your lawyer?

25          DEFENDANT MARTINEZ:  Yes, Your Honor.

1          THE COURT:  And are you satisfied to have him

2     represent you?

3          DEFENDANT MARTINEZ:  Yes, Your Honor.

4          THE COURT:  Mr. Reyes, have you received a copy of

5     the indictment?

6          DEFENDANT REYES:  Yes, Your Honor.

7          THE COURT:  Have you read it?

8          DEFENDANT REYES:  Yes, Your Honor.

9          THE COURT:  Have you discussed it with your lawyer?

10         DEFENDANT REYES:  Yes, Your Honor.

11         THE COURT:  Are you -- do you understand the

12     charges against you?

13         DEFENDANT REYES:  Yes, Your Honor.

14         THE COURT:  Mr. Caamano, have you received a copy

15     of the indictment?

16         DEFENDANT CAAMANO:  Yes, Your Honor.

17         THE COURT:  Have you read it?

18         DEFENDANT CAAMANO:  Yes, Your Honor.

19         THE COURT:  Have you discussed it with your lawyer?

20         DEFENDANT CAAMANO:  Yes, Your Honor.

21         THE COURT:  And are you satisfied that you

22     understand it?

23         DEFENDANT CAAMANO:  Yes, Your Honor.

24         THE COURT:  Mr. Martinez, have you received a copy

25     of the indictment?

1      DEFENDANT MARTINEZ:  Yes, Your Honor.

2      THE COURT:  Have you read it?

3      DEFENDANT MARTINEZ:  Yes, Your Honor.

4      THE COURT:  Have you discussed it with your lawyer?

5      DEFENDANT MARTINEZ:  Yes, Your Honor.

6      THE COURT:  And do you understand the charges

7  against you?

8      DEFENDANT MARTINEZ:  Yes, Your Honor.

9      THE COURT:  I'm going to ask the government briefly

10  to explain the charges against these defendants.

11      MS. SASSO:  Yes, Your Honor.  There are various

12  charges in the indictment, but the specific charge to which

13  each of the defendants is pleading guilty today is a

14  conspiracy to possess with intent to distribute heroin.

15      In other words, an agreement that the defendants

16  would obtain heroin for the purpose of distributing it

17  further on the streets.  And they're specifically pleading

18  guilty to a lesser included offense.

19      The charge in the indictment contemplates one

20  kilogram of heroin, and the charge to which they're pleading

21  today contemplates that they agreed on at least 100 grams of

22  heroin to distribute.

23      THE COURT:  Mr. Reyes, any questions about what the

24  government just said?

25      DEFENDANT REYES:  No, sir.  I understand.

1           THE COURT:  Mr. Caamano?

2           DEFENDANT CAAMANO:  No.  No, Your Honor.  No.

3           THE COURT:  And, Mr. Martinez?

4           DEFENDANT MARTINEZ:  No, Your Honor.

5           THE COURT:  And as the government said, the charge

6      that is in Count 1 and that you're pleading guilty to, is a

7      lesser included charge.

8           But it is a conspiracy charge, and a conspiracy is

9      an agreement between two or more people to do something

10     that's illegal, and the illegal act that you're alleged to

11     have conspired to commit is distributing and possessing with

12     intent to distribute the heroin.

13          Do you understand that, Mr. Reyes?

14          DEFENDANT REYES:  Yes, Your Honor.

15          THE COURT:  Do you understand that, Mr. Caamano?

16          DEFENDANT CAAMANO:  Yes, Your Honor.

17          THE COURT:  And, Mr. Martinez, do you understand

18     that?

19          DEFENDANT MARTINEZ:  Yes, Your Honor.

20          MS. SASSO:  And, Your Honor, if I may?  As to Mr.

21     Martinez, he is also pleading guilty to Count 3 of the

22     indictment, which charges him with possessing a firearm in

23     furtherance of Count 1.  So essentially, possessing a firearm

24     in aid of the drug trafficking.

25          THE COURT:  Okay.  Mr. Martinez, do you understand

1      that charge?

2                DEFENDANT MARTINEZ:  Yes, Your Honor.

3                THE COURT:  Okay.  Anything else with respect to

4      the indictment from the government?

5                MS. SASSO:  No.  Thank you, Judge.

6                THE COURT:  Any questions or statements from the

7      defense?

8                MR. DiCHIARA:  No, Your Honor.  Mr. Reyes.

9                MR. VILLANUEVA:  No, Your Honor, for Mr. Caamano.

10                MR. LAZZARO:  No, Your Honor, with respect to Mr.

11      Martinez.

12                THE COURT:  Okay.  All right.  So the next phase of

13      this proceeding is to make sure you understand your rights.

14      You have a number of rights, both under the laws, federal

15      statutes, and the federal constitution.  They're rights that

16      you will give up if you plead guilty; many of them.

17                So do you each understand that you have a right to

18      plead not guilty?

19                Mr. Reyes?

20                DEFENDANT REYES:  Yes, Your Honor.

21                THE COURT:  Mr. Caamano?

22                DEFENDANT CAAMANO:  Yes, Your Honor.

23                THE COURT:  Mr. Martinez?

24                DEFENDANT MARTINEZ:  Yes, Your Honor.

25                THE COURT:  And do you understand that if you

1    continue to plead not guilty, it is your right under the

2    constitution and laws of the United States, to a speedy

3    public trial by jury, with the help of your lawyer, on the

4    charges contained in the indictment that was just explained

5    to you?

6         Do you understand that, Mr. Reyes?

7         DEFENDANT REYES:  Yes, Your Honor.

8         THE COURT:  Mr. Caamano?

9         DEFENDANT CAAMANO:  Yes, Your Honor.

10        THE COURT:  Mr. Martinez?

11        DEFENDANT MARTINEZ:  Yes, Your Honor.

12        THE COURT:  And if you cannot afford to retain an

13   attorney, do you understand that the Court will appoint a

14   lawyer to advise and represent you at all stages in this

15   case, all the way through trial and on appeal of any

16   conviction if you're convicted?  And this would all be at no

17   cost to you.

18        So do you understand that, Mr. Reyes?

19        DEFENDANT REYES:  Yes, Your Honor.

20        THE COURT:  Mr. Caamano?

21        DEFENDANT CAAMANO:  Yes, Your Honor.

22        THE COURT:  Mr. Martinez?

23        DEFENDANT MARTINEZ:  Yes, Your Honor.

24        THE COURT:  If you go to trial, you would be

25   presumed to be innocent.  The government would have to

1    overcome that presumption and prove that you're guilty by

2    competent evidence that's admissible at court, and by proof

3    beyond a reasonable doubt.  You would not have to prove your

4    innocence or present any evidence.

5              Do you understand that, Mr. Reyes?

6              DEFENDANT REYES:  Yes, Your Honor.

7              THE COURT:  Mr. Caamano?

8              DEFENDANT CAAMANO:  Yes, Your Honor.

9              THE COURT:  Mr. Martinez?

10             DEFENDANT MARTINEZ:  Yes, Your Honor.

11             THE COURT:  Even if you did everything the

12   government has accused you of, if the government cannot

13   convince a jury beyond -- that you are guilty beyond a

14   reasonable doubt, the jury would find -- would have a duty to

15   find you not guilty.

16             Do you understand?

17             DEFENDANT REYES:  Yes, Your Honor.

18             THE COURT:  Mr. Reyes.  Mr. Caamano?

19             DEFENDANT CAAMANO:  Yes, Your Honor.

20             THE COURT:  Mr. Martinez?

21             DEFENDANT MARTINEZ:  Yes, Your Honor.

22             THE COURT:  Does anyone have any questions so far?

23             Mr. Reyes?

24             DEFENDANT REYES:  No.

25             THE COURT:  Mr. Caamano?

1           DEFENDANT CAAMANO:  No, Your Honor.

2           THE COURT:  And, Mr. Martinez?

3           DEFENDANT MARTINEZ:  No, Your Honor.

4           THE COURT:  Okay.  If you go to trial, during the

5     trial the government would have to bring its witnesses to

6     court, they would testify in your presence, your lawyer would

7     have the right to cross-examination the government's

8     witnesses, to object to the government's evidence, to present

9     evidence in your defense and to compel witnesses who you wish

10    to call to appear at trial.

11          Do you understand that, Mr. Reyes?

12          DEFENDANT REYES:  Yes, Your Honor.

13          THE COURT:  Mr. Caamano?

14          DEFENDANT CAAMANO:  Yes, Your Honor.

15          THE COURT:  Mr. Martinez?

16          DEFENDANT MARTINEZ:  Yes, Your Honor.

17          THE COURT:  And if you decide to go to trial, you

18    would have a choice.  You have a right to testify in your

19    defense, but you also have a right to remain silent and not

20    to incriminate yourself.  That's a right that's protected

21    under the Fifth Amendment.

22          Do you understand that, Mr. Reyes?

23          DEFENDANT REYES:  Yes, Your Honor.

24          THE COURT:  Mr. Caamano?

25          DEFENDANT CAAMANO:  Yes, Your Honor.

1           THE COURT:  Mr. Martinez?

2           DEFENDANT MARTINEZ:  Yes, Your Honor.

3           THE COURT:  So if you decide to go to trial, but

4    not to testify, Judge Korman, who is the judge who would be

5    the trial judge, would instruct the jurors that they could

6    not hold that against you and assume that you're guilty just

7    because you didn't testify in your own defense.

8           Do you understand that --

9           DEFENDANT REYES:  Yes, Your Honor.

10          THE COURT:  -- Mr. Reyes?

11          THE COURT:  Mr. Caamano?

12          DEFENDANT CAAMANO:  Yes, Your Honor.

13          THE COURT:  Mr. Martinez?

14          DEFENDANT MARTINEZ:  Yes, Your Honor.

15          THE COURT:  Okay.  However, if you do plead guilty

16   here today and if the Court accepts your guilty plea, you'll

17   be giving up your constitutional rights to a trial and the

18   other rights that I've just discussed.  There will be no

19   trial of any kind, no right to appeal from the judgment of

20   guilty.  The Court will simply enter a judgment that you're

21   guilty based on what you say here today.

22          Do you understand that, Mr. Reyes?

23          DEFENDANT REYES:  Yes, Your Honor.

24          THE COURT:  Mr. Caamano?

25          DEFENDANT CAAMANO:  Yes, Your Honor.

1          THE COURT:  And, Mr. Martinez?

2          DEFENDANT MARTINEZ:  Yes, Your Honor.

3          THE COURT:  Also, if you plead guilty, I'm going to

4     have to ask you some questions to make sure that you really

5     are guilty of the charge that you're pleading guilty to, or

6     in Mr. Martinez's case, the charges one and three -- Counts 1

7     and 3.

8          And you'll have to answer me and admit your guilt,

9     and when you do that, you'll be giving up your right to

10    remain silent and not to incriminate yourself.

11         Do you understand that, Mr. Reyes?

12         DEFENDANT REYES:  Yes, Your Honor.

13         THE COURT:  Mr. Caamano?

14         DEFENDANT CAAMANO:  Yes, Your Honor.

15         THE COURT:  And, Mr. Martinez?

16         DEFENDANT MARTINEZ:  Yes, Your Honor.

17         THE COURT:  Okay.  So, Mr. Reyes, are you willing

18    to give up your right to a trial and the other rights that

19    I've just discussed?

20         DEFENDANT REYES:  Yes, Your Honor.

21         THE COURT:  Mr. Caamano, are you willing to give up

22    your right to a trial and the other rights I've just

23    discussed?

24         DEFENDANT CAAMANO:  Yes, Your Honor.

25         THE COURT:  And, Mr. Martinez, are you willing to

1     give up your right to a trial --

2                 DEFENDANT MARTINEZ:  Yes, Your Honor.

3                 THE COURT:  -- and the other rights I just

4     discussed?

5                 DEFENDANT MARTINEZ:  Yes, Your Honor.

6                 THE COURT:  Thank you.  All right.  So I

7     understand there's an agreement for each of the defendants.

8     Is that correct?

9                 MS. SASSO:  That's correct, Your Honor.  I believe

10    you have signed copies for each of the three.

11                THE COURT:  Okay.  So I'm looking at Mr. Reyes's

12    agreement.  Mr. DiChiara, is this the only agreement

13    currently between the government and the defense?

14                MR. DiCHIARA:  Yes, Your Honor.

15                THE COURT:  And, Mr. Reyes, did you sign the plea

16    agreement?

17                DEFENDANT REYES:  Yes.  Yes, Your Honor.

18                THE COURT:  Okay.  And does the government agree

19    this is the only agreement with -- between the government and

20    the defense?

21                MS. SASSO:  Yes, Your Honor, for each of the

22    defendants.

23                THE COURT:  Each of the defendants.  Good.

24                So, Mr. Villanueva, is this the only agreement

25    between Mr. Caamano and the government at this time?

1          MR. VILLANUEVA:  Yes, it is, Your Honor.

2          THE COURT:  Okay.  And, Mr. Lazzaro?

3          MR. LAZZARO:  Yes, Your Honor.

4          THE COURT:  For Mr. Martinez, is this the only

5    agreement between the government and Mr. Martinez?

6          MR. LAZZARO:  Yes, Your Honor.

7          THE COURT:  So has each one of you read the plea

8    agreement?  Mr. Reyes, have you read the plea agreement in

9    your case?

10          DEFENDANT REYES:  Yes, Your Honor.

11          THE COURT:  And have you discussed it with your

12   lawyer?

13          DEFENDANT REYES:  Yes, Your Honor.

14          THE COURT:  Do you understand it?

15          DEFENDANT REYES:  Yes, I understand, sir.

16          THE COURT:  Do you have any questions about

17   anything in the agreement that you'd like to either ask him

18   or me about at this point?

19          DEFENDANT REYES:  No.  I'm understanding.

20          THE COURT:  Okay.  Mr. Caamano, same questions.

21   Have you read the plea agreement?

22          DEFENDANT CAAMANO:  Yes, Your Honor.

23          THE COURT:  Have you discussed it with your lawyer?

24          DEFENDANT CAAMANO:  Yes, Your Honor.

25          THE COURT:  Do you understand it now?

1          DEFENDANT CAAMANO:  Yes, Your Honor.

2          THE COURT:  Is there anything in that agreement

3    that you don't understand or that you'd like to ask your

4    lawyer or me about at this time?

5          DEFENDANT CAAMANO:  No, Your Honor.

6          THE COURT:  Okay.  And, Mr. Martinez, same

7    questions.  Have you read the plea agreement?

8          DEFENDANT MARTINEZ:  Yes, Your Honor.

9          THE COURT:  And do you understand your plea

10   agreement?

11         DEFENDANT MARTINEZ:  Yes, Your Honor.

12         THE COURT:  Have you discussed it with your lawyer?

13         DEFENDANT MARTINEZ:  Yes, Your Honor.

14         THE COURT:  Do you have any questions for me or for

15   your lawyer about your plea agreement?

16         DEFENDANT MARTINEZ:  No, Your Honor.

17         THE COURT:  Okay.  All right.  So I'm looking at

18   each of your plea agreements.  Paragraph one says that each

19   of you will -- well, Mr. Reyes and Mr. Caamano and Mr.

20   Martinez, each of your agreements says that you will plead

21   guilty to a lesser included offense of Count 1, charging a

22   violation of 21 US Code 846.  If you do that, you're facing a

23   minimum term of imprisonment of five years and a maximum term

24   of imprisonment of 40 years.

25         Do you understand that, Mr. Reyes?

1          DEFENDANT REYES:  Yes, Your -- yes, Your Honor.

2          THE COURT:  Mr. Caamano, do you understand that?

3          DEFENDANT CAAMANO:  Yes, Your Honor.

4          THE COURT:  Mr. Martinez, do you understand that?

5          DEFENDANT MARTINEZ:  Yes, Your Honor.

6          THE COURT:  And this is for Count 1.

7          There is a minimum period of supervised release of

8    four years after you're released from prison and a maximum

9    supervised release term of life to follow any term of

10   imprisonment.

11         Do you understand that, Mr. Reyes?

12         DEFENDANT REYES:  Yes, Your Honor.

13         THE COURT:  Mr. Caamano, do you understand that?

14         DEFENDANT CAAMANO:  Yes, Your Honor.

15         THE COURT:  And, Mr. Martinez, do you understand

16   that?

17         DEFENDANT MARTINEZ:  Yes, Your Honor.

18         THE COURT:  And do you understand that supervised

19   release means you'd be released on conditions, and if you

20   violated any of those conditions, there's a separate penalty

21   for a violation of the conditions of supervised release

22   that's separate from the time you would get -- whatever

23   sentence you get on the underlying charge.

24         Do you understand that, Mr. Reyes?

25         DEFENDANT REYES:  Yes, Your Honor.

1    THE COURT:  Mr. Caamano, do you understand that?

2    DEFENDANT CAAMANO:  Yes, Your Honor.

3    THE COURT:  Mr. Martinez, do you understand?

4    DEFENDANT MARTINEZ:  Yes, Your Honor.

5    THE COURT:  And so, if a condition of release is

6    violated, you may be sentenced up to three years in prison

7    without credit for the time you'd been in prison previously

8    on this case, or the time you'd served on supervised release

9    after release from prison.

10    Do you understand that, Mr. Reyes?

11    DEFENDANT REYES:  Yes, Your Honor.

12    THE COURT:  Mr. Caamano, do you understand that?

13    DEFENDANT CAAMANO:  Yes, Your Honor.

14    THE COURT:  Mr. Martinez, do you understand?

15    DEFENDANT MARTINEZ:  Yes, Your Honor.

16    THE COURT:  There is a maximum fine under Count 1

17    of $5 million.  Do you each understand that, Mr. Reyes?

18    DEFENDANT REYES:  Yes, Your Honor.

19    THE COURT:  Mr. Caamano?

20    DEFENDANT CAAMANO:  Yes, Your Honor.

21    THE COURT:  Mr. Martinez?

22    DEFENDANT MARTINEZ:  Yes, Your Honor.

23    THE COURT:  Each one of you would have to pay a

24    $100 special assessment at or around the time of sentencing.

25    Do you understand that, Mr. Reyes?

1          DEFENDANT REYES:  Yes, Your Honor.

2          THE COURT:  Mr. Caamano, do you understand?

3          DEFENDANT CAAMANO:  Yes, Your Honor.

4          THE COURT:  Mr. Martinez, do you understand?

5          DEFENDANT MARTINEZ:  Yes, Your Honor.

6          THE COURT:  There finally is a provision for

7     criminal forfeiture as explained in paragraphs 6 through 11.

8     Have -- do you understand that, Mr. Reyes?

9          DEFENDANT REYES:  Yes, Your Honor.

10          THE COURT:  Mr. Caamano, do you understand?

11          DEFENDANT CAAMANO:  Yes, Your Honor.

12          THE COURT:  Mr. Martinez, do you understand that?

13          DEFENDANT MARTINEZ:  Yes, Your Honor.

14          THE COURT:  Ms. Sasso, counsel, does anyone think

15     that we should go through paragraphs 6 through 11, or do you

16     think they're sufficiently understood at this point?

17          MS. SASSO:  I do think that it's pretty detailed,

18     Your Honor.  I can give a high level overview, which

19     essentially is to say that this lists a number of assets that

20     were seized at the time of the arrest, and it is -- the

21     defendants are each agreeing that they will forfeit their

22     interest in those assets that have been seized, in addition

23     to a money judgment order.

24          THE COURT:  Okay.  Mr. Reyes, do you understand

25     that?

1          DEFENDANT REYES:  Yes, Your Honor.

2          THE COURT:  Mr. Caamano, do you understand that?

3          DEFENDANT CAAMANO:  Yes, Your Honor.

4          THE COURT:  Mr. Martinez, do you understand that?

5          DEFENDANT MARTINEZ:  Yes, Your Honor.

6          THE COURT:  Okay.  All right.  Paragraph 2 -- well,

7    before we get to paragraph 2, let's go to the sentencing

8    possibilities for Mr. Martinez under Count 3.

9          Count 3, under Count 3, the firearm count.  You're

10   facing a minimum term of imprisonment of five years in prison

11   and a maximum term of imprisonment to life.

12         Do you understand that?

13         DEFENDANT REYES:  Yes, Your Honor.

14         THE COURT:  And the supervised release term for

15   this count, Count 3, is a five-year maximum period of

16   supervised release.

17         Do you understand that?

18         DEFENDANT REYES:  Yes, Your Honor.

19         THE COURT:  And the penalty for a violation of

20   supervised release would be that you may be sentenced to up

21   to five years in prison without credit for your previous

22   imprisonment or the time previously served on post-release

23   supervision.

24         Do you understand that?

25         DEFENDANT REYES:  Yes, Your Honor.

1          THE COURT:  The maximum fine on this count is

2     $250,000.  Do you understand?

3          DEFENDANT REYES:  Yes, Your Honor.

4          THE COURT:  And there is a $100 special assessment

5     that's in addition to the special assessment on Count 1.  Do

6     you understand that?

7          DEFENDANT REYES:  Yes, Your Honor.

8          THE COURT:  And there's also a criminal forfeiture

9     as explained previously.

10          Do you understand that?

11          DEFENDANT REYES:  Yes, Your Honor.

12          THE COURT:  Okay.  Does anyone have any questions

13     about anything that's been said so far?

14          Mr. Reyes?

15          DEFENDANT REYES:  No, Your Honor.

16          THE COURT:  Mr. Caamano?

17          DEFENDANT CAAMANO:  No, Your Honor.

18          THE COURT:  Mr. Martinez?

19          DEFENDANT MARTINEZ:  No, Your Honor.

20          THE COURT:  All right.  So for Mr. Martinez, the

21     sentences on Count 1 and Count 3 must run consecutively.

22          Do you understand what that means?

23          DEFENDANT MARTINEZ:  Yeah.  Yes, Your Honor.

24          THE COURT:  All right.  You've discussed that with

25     your lawyer?

1    DEFENDANT MARTINEZ:  Yes, Your Honor.

2    THE COURT:  So you would be serving your sentence

3  on Count 1, and once you've completed that, then you would

4  begin to serve your sentence on Count 2 -- on Count 3, and

5  you wouldn't -- you would not serve them simultaneously.

6  They would be served consecutively.

7    Do you understand?

8    DEFENDANT MARTINEZ:  Yes, Your Honor.

9    THE COURT:  Okay.  Paragraph 2 in each of your

10  agreements discusses sentencing.  It discusses the sentencing

11  guidelines.  Now I understand you all have discussed the

12  guidelines with your lawyers.

13    Is that correct?

14    DEFENDANT REYES:  Yes, Your Honor.

15    THE COURT:  Mr. Caamano?

16    DEFENDANT CAAMANO:  Yes, Your Honor.

17    THE COURT:  Mr. Martinez?

18    DEFENDANT MARTINEZ:  Yes, Your Honor.

19    THE COURT:  All right.  So do you understand that

20  the guidelines are not binding?  They're rules or guides that

21  help Judge Korman decide how to sentence you.  He will

22  calculate your guideline range and then decide whether it's

23  fair to sentence you within the guidelines, above the

24  guidelines, or below the guidelines.  And at this time, no

25  one knows for sure, not even Judge Korman, what your

1    guideline range will be.

2            Do you understand that, Mr. Reyes?

3            DEFENDANT REYES:  Yes, Your Honor.

4            THE COURT:  Mr. Caamano, do you understand that?

5            DEFENDANT CAAMANO:  Yes, Your Honor.

6            THE COURT:  Mr. Martinez, do you understand?

7            DEFENDANT MARTINEZ:  Yes, Your Honor.

8            THE COURT:  There are other factors in addition to

9    the guidelines, which the Court should consider or shall

10   consider in determining the sentence that each one of you

11   would reach in this case, or receive.

12           They include the guidelines, but in addition, the

13   nature and circumstances of the offense, your history and

14   characteristics individually as a defendant, the need for the

15   sentence imposed to reflect the seriousness of the offense,

16   to promote respect for the law, and to provide just

17   punishment for the offense -- I'm reading from Section 18, US

18   Code 3553.

19           The need for the sentence to afford adequate

20   deterrence to criminal conduct and to protect the public from

21   further crimes that you might commit, as well as to provide

22   each of you with needed educational or vocational training,

23   medical care, or other correctional treatment in the most

24   effective manner.  So the guidelines are just one part of the

25   sentence.

1          Yes?

2          MR. DiCHIARA:  Judge, in paragraph 2 --

3          THE COURT:  Yeah.

4          MR. DiCHIARA:  -- on page 3 the date that I had in

5   my old copy was February 19th.  That should have been -- that

6   should be today's date, March 9th.  Is that --

7          THE COURT:  Yeah.  We'll go through that in just

8   one second.  Let me see.

9          MR. DiCHIARA:  I don't know if it would be -- it's

10  been --

11         MS. SASSO:  It has been modified in his copy.

12         THE COURT:  My copy says March 9th.

13         MR. DiCHIARA:  -- it's been revised.  Okay.

14         THE COURT:  My copy says March 9th.

15         MR. DiCHIARA:  That -- I don't have that in front

16  of me.

17         THE COURT:  Oh, do you want to see it?

18         MR. DiCHIARA:  No, I believe you.

19         THE COURT:  Yeah.  Okay.  So we've gone through the

20  other factors, but going back to the guidelines, as I said,

21  there's no guarantee what the guideline range will be for

22  each of you, but there are estimates.  Anything that either

23  the government or your lawyer has said about the guidelines

24  would be their best judgment.  But it's, again, only an

25  estimate as to what the guideline range will ultimately be.

1    That's up to Judge Korman.

2              And again, any estimates you've received about your

3    sentence would just be estimates.  They can't be promises or

4    guarantees at this point.

5              Do you all understand that?  Mr. Reyes?

6              DEFENDANT REYES:  Yes, Your Honor.

7              THE COURT:  Mr. Caamano?

8              DEFENDANT CAAMANO:  Yes, Your Honor.

9              THE COURT:  Mr. Martinez?

10             DEFENDANT MARTINEZ:  Yes, Your Honor.

11             THE COURT:  All right.  So given that this is just

12   an estimate, does the government have an estimate as to the

13   likely adjusted offense level under the guidelines?

14             MS. SASSO:  Would you like me to do each defendant

15   in turn?

16             THE COURT:  Yes, please.

17             MS. SASSO:  So for --

18             THE COURT:  For Mr. Reyes.

19             MS. SASSO:  -- Mr. Reyes, the base offense level

20   that the government has calculated is a 34.  There is an

21   agreement, which I imagine the Court will go over it at a

22   certain point, as to the global resolution in this case.

23             I think it's in -- towards the end of each of the

24   plea agreements, the terms of that global resolution must be

25   satisfied.  Assuming that those are, there would be two

1      points taken off of the base offense level for each

2      defendant.  And so, that would bring Mr. Reyes's base offense

3      level to a 32.

4              Based on the determination that the Defendant Reyes

5      is a career offender, that would put him in criminal history

6      category 6.  And when accounting for that, as well as the

7      three acceptance of responsibility points, the adjusted

8      offense level would be a 29, which carries a range of

9      imprisonment of 151 to 188 months.

10             THE COURT:  All right.  Do you understand that, Mr.

11     Reyes?

12             DEFENDANT REYES:  Yes, Your Honor, I do.

13             THE COURT:  And do you want to go through the

14     global resolution?  We might as well do that at this point.

15             MS. SASSO:  Yes, Judge.

16             THE COURT:  Does everyone have a copy of the

17     agreement that you can follow along with?

18             UNIDENTIFIED SPEAKER:  Yes.

19             THE COURT:  I see each defendant is nodding yes.

20     Okay.

21             MS. SASSO:  So the global resolution is under the

22     sentencing guideline section 5(k) 2.0, and as specified in

23     paragraph 13 of Mr. Reyes's agreement, specifically, the

24     agreement is conditioned upon each of the five listed

25     defendants entering their guilty pleas on or before March

1   26th of 2020, and the acceptance of those pleas by the

2   district court judge in this case, Judge Korman.

3          The covered defendants included are Jeffrey

4   Caamano, Victor Cruz, Jason Garcia, Roberto Martinez, and

5   Jason Reyes.

6          Effectively, all five of the defendants must plead

7   guilty by the specified date and the judge must accept their

8   pleas for them to get the global resolution in this case.

9          If any of the defendants seek to withdraw their

10  plea or fail to otherwise meet the criteria that are set

11  forth here, the U.S. Attorney's office may void any or all of

12  the five defendants listed here in terms of their plea

13  agreements and may proceed to trial.

14         And if that's the case, then none of the defendants

15  will have their right to withdraw their guilty plea.

16         THE COURT:  All right.  Any questions about that

17  global resolution paragraph, Mr. Reyes?

18         DEFENDANT REYES:  No, Your Honor.

19         THE COURT:  Mr. Caamano?

20         DEFENDANT CAAMANO:  No, Your Honor.

21         THE COURT:  Mr. Martinez?

22         DEFENDANT MARTINEZ:  No, Your Honor.

23         THE COURT:  All right.  With respect to Mr. Reyes,

24  is there anything else in the plea agreement that either

25  counsel would like to put on the record at this point?

1        MS. SASSO:  I do believe -- well, I think we could

2    do this at the time of the allocution, potentially, but there

3    is a stipulation that the defendant agrees that the

4    guidelines calculation should be based on at least -- on the

5    weight of at least one kilogram of heroin and four grams of

6    fentanyl, and waives any right to a trial or Fatico hearing

7    on that particular issue.

8        MR. DiCHIARA:  That is correct, Your Honor.

9        THE COURT:  Do you understand that, Mr. Reyes?

10       DEFENDANT REYES:  Yes, Your Honor.

11       THE COURT:  Okay.  And you also agree, in paragraph

12   4, that you will not appeal or otherwise challenge your

13   conviction or sentence if the Court imposes a term of

14   imprisonment at or below 210 months.

15       DEFENDANT REYES:  Yeah.  Yeah.

16       MR. DiCHIARA:  Yes.

17       DEFENDANT REYES:  Yes, Your Honor.

18       THE COURT:  Do you understand that?

19       DEFENDANT REYES:  Yes.

20       THE COURT:  Okay.  Now, going to Mr. Caamano.

21   What's the government's estimate of the guideline ranges for

22   Mr. Caamano?

23       MS. SASSO:  Your Honor, the base offense level

24   that's been calculated for Mr. Caamano is a level 30.  There

25   is a three point leadership enhancement under Section 3(b)

1    1.1(b) for the defendant's leadership role in managing the

2    conspiracy, and that's three additional points, then the

3    global resolution reduces the base offense level by two

4    points, which totals out at 31, accounting for the

5    defendant's additional three points off for an acceptance of

6    responsibility and calculating criminal history category 3

7    results in a base offense level that's adjusted of 28, which

8    carries a range of imprisonment of 97 to 121 months.

9              THE COURT:  Okay.  Mr. Caamano, any questions about

10   that?

11             DEFENDANT CAAMANO:  No, Your Honor.

12             THE COURT:  And you've discussed that with your

13   lawyer, correct?

14             DEFENDANT CAAMANO:  Yes, Your Honor.

15             THE COURT:  And paragraph 2 says that you stipulate

16   and admit that in or about December 2018, within the Southern

17   District of New York and elsewhere, together with others, you

18   did knowingly and intentionally possess with intent to

19   distribute a substance containing heroin and a substance

20   containing cocaine in violation of 21 US Code 841(a)(1) and

21   (b)(1)(c).

22             And pursuant to US Sentencing Guideline

23   1(b)(1)(2)(c), you stipulate that at the time of sentencing

24   the conduct described in this paragraph shall be treated as

25   if you had been convicted of an additional count charging

1    that offense.  Do you understand that?

2              DEFENDANT CAAMANO:  Yes, Your Honor.

3              THE COURT:  I'm sorry?

4              DEFENDANT CAAMANO:  Yes, Your Honor.

5              THE COURT:  Okay.  And you've discussed that with

6    your -- with your lawyer?

7              DEFENDANT CAAMANO:  Yes, Your Honor.

8              THE COURT:  Okay.  And in paragraph 3, on page 3,

9    the bottom of the page, stipulate to the guideline

10   calculation that the government just mentioned.

11             And you also agree that this calculation should be

12   based on a drug type and weight of at least one kilogram of

13   heroin, four grams of fentanyl, and 225 grams of cocaine, and

14   you waive your right to a jury trial or a Fatico hearing on

15   that issue.  Do you understand?

16             DEFENDANT CAAMANO:  Yes, Your Honor.

17             THE COURT:  And you've discussed that with your

18   lawyer?

19             DEFENDANT CAAMANO:  Yes, Your Honor.

20             THE COURT:  Okay.  Is there anything else in -- or

21   in paragraph 5, you agree not to appeal or otherwise

22   challenge your conviction or sentence in the event the Court

23   imposes a term of imprisonment at or below 135 months.  Do

24   you understand that?

25             DEFENDANT CAAMANO:  Yes, Your Honor.

1          THE COURT:  Is there anything else in the agreement

2     that the government or the defense would like to put on the

3     record with respect to Mr. Caamano?

4          MS. SASSO:  Yes, Your Honor.  The same stipulation

5     as to the global resolution is outlined in this agreement.

6          Additionally, while the government has agreed to

7     make no motion for an upward departure under the sentencing

8     guidelines, the government is permitted to take a position

9     concerning where within the guidelines range the sentence

10    should fall, and that would be based on a modified paragraph

11    6.  And as to the global resolution, that's at paragraph 17.

12         THE COURT:  Mr. Caamano, do you have any questions

13    about what the government just said?

14         DEFENDANT CAAMANO:  No, Your Honor.

15         THE COURT:  Have you discussed that with your

16    lawyer?

17         DEFENDANT CAAMANO:  Yes, Your Honor.

18         THE COURT:  Okay.  Anything else with respect to

19    Mr. Caamano from the government?

20         MS. SASSO:  No, Your Honor.  Thank you.

21         THE COURT:  From the defense?

22         MR. VILLANUEVA:  No, Your Honor.  Thank you.

23         THE COURT:  All right.  Now, with respect to Mr.

24    Martinez?

25         MS. SASSO:  Yes, Your Honor.  For Mr. Martinez, the

government has calculated the base offense level as a level

30.  There is additionally a three point leadership

enhancement for his role in the conspiracy under Section 3(b)

1.1(b) of the sentence guidelines.  There are also the two

point global reduction under 5(k) 2.0, which results in a

base offense level of 31.

　　　　The defendant has been also -- the agreement also

contemplates a three point reduction for acceptance of

responsibility and when contemplating this with a criminal

history category of 3, the effective range is 157 to 181

months and an adjusted offense level of 28.

　　　　The agreement outlines the specific math on it.

Essentially, because of the 60-month mandatory sentence on

Count 3, there must be a combination of the range of 97 to

121 months on the drug count, and then an added 60 months on

the gun count, which is how we get to the number, 157 to 181.

　　　　THE COURT:  Okay.  And the defendant stipulates to

the above guidelines calculation, correct?

　　　　MR. LAZZARO:  Yes, Your Honor.

　　　　THE COURT:  Mr. Martinez, do you understand what

the government just said?

　　　　DEFENDANT MARTINEZ:  Yes, Your Honor.

　　　　THE COURT:  Do you have any questions at all?

　　　　DEFENDANT MARTINEZ:  No, Your Honor.

　　　　THE COURT:  In paragraph 2, you also agree that the

1  calculation should be based on a drug type and weight of at

2  least one kilogram of heroin and four grams of fentanyl, and

3  you waive a right to a jury trial or Fatico hearing on that

4  issue.  Do you understand?

5         DEFENDANT MARTINEZ:  Yes, Your Honor.

6         THE COURT:  Paragraph 4, you agree not to appeal or

7  otherwise challenge your conviction or sentence if you

8  receive a term of imprisonment at or below 195 months.  Do

9  you understand that?

10         DEFENDANT MARTINEZ:  Yes, Your Honor.

11         THE COURT:  Is there anything in this agreement

12  that you, Mr. Martinez, would like to ask your lawyer about

13  at this point, or discuss further?

14         DEFENDANT MARTINEZ:  No, Your Honor.

15         THE COURT:  Anything that either counsel would like

16  to put on the record that hasn't been placed on the record so

17  far?

18         MS. SASSO:  Yes, Your Honor.  Just for clarity, the

19  global resolution criteria is outlined in paragraph 13 of Mr.

20  Martinez's agreement.

21         We have gone over the substance of it, and

22  additionally there is a modified paragraph 5 which does

23  permit the government to take a position as to where the

24  defendant falls within the sentencing guidelines range,

25  and/or to make a motion for upward departure as to the

1    guidelines range.

2              THE COURT:  Any questions about that, Mr. Martinez?

3              DEFENDANT MARTINEZ:  No, Your Honor.

4              THE COURT:  Okay.  So I'm going to ask each one of

5    you whether you have read and signed these agreements.

6              Mr. Reyes, have you read and signed your agreement?

7              DEFENDANT REYES:  Yes, Your Honor.

8              THE COURT:  Mr. Caamano, have you read and signed

9    your agreement?

10             DEFENDANT CAAMANO:  Yes, Your Honor.

11             THE COURT:  Mr. Martinez, have you read and signed

12   your agreement?

13             DEFENDANT MARTINEZ:  Yes, Your Honor.

14             THE COURT:  And is your consent to this agreement

15   knowing and voluntary, Mr. Reyes?

16             DEFENDANT REYES:  Yes, Your Honor.

17             THE COURT:  Mr. Caamano?

18             DEFENDANT CAAMANO:  Yes, Your Honor.

19             THE COURT:  Mr. Martinez?

20             DEFENDANT MARTINEZ:  Yes, Your Honor.

21             THE COURT:  All right.  Anything further with

22   respect to the agreements from any party?

23             MS. SASSO:  Not from the government, thank you.

24             MR. DiCHIARA:  No, Your Honor, on behalf of Mr.

25   Reyes.

1          MR. VILLANUEVA:  No, Your Honor.

2          MR. LAZZARO:  No, Your Honor.

3          THE COURT:  Okay.

4      (Pause)

5          THE COURT:  Do you each understand that parole has

6      been abolished in federal courts, so if you're sentenced to

7      prison, there's no early release on parole?

8          Mr. Reyes?

9          DEFENDANT REYES:  Yes, Your Honor.

10         THE COURT:  Mr. Caamano?

11         DEFENDANT CAAMANO:  Yes, Your Honor.

12         THE COURT:  Mr. Martinez?

13         DEFENDANT MARTINEZ:  Yes, Your Honor.

14         THE COURT:  All right.  Does any one of you have

15     any questions you'd like to ask me about your case, your

16     rights to charge, anything that's happened in this case, or

17     ask your lawyer about them.  In other words, any questions

18     you'd like to ask either me or your lawyer at this point?

19         Mr. Reyes?

20         DEFENDANT REYES:  No, Your Honor.

21         THE COURT:  Mr. Caamano?

22         DEFENDANT CAAMANO:  No, Your Honor.

23         THE COURT:  Mr. Martinez?

24         DEFENDANT MARTINEZ:  No, Your Honor.

25         THE COURT:  Are you each ready to plead?  Mr.

1    Reyes?

2              DEFENDANT REYES:  Yes, Your Honor.

3              THE COURT:  Mr. Caamano?

4              DEFENDANT CAAMANO:  Yes, Your Honor.

5              THE COURT:  Mr. Martinez?

6              DEFENDANT MARTINEZ:  Yes, Your Honor.

7              THE COURT:  All right.  So we'll take each plea

8    separately.

9              Mr. Reyes, are you pleading guilty voluntarily and

10   of your own free will?

11             DEFENDANT REYES:  Yes, Your Honor.

12             THE COURT:  Has anyone forced you or threatened you

13   to plead guilty?

14             DEFENDANT REYES:  Not at all, sir.

15             THE COURT:  Has anyone promised you anything other

16   than what's in the plea agreement that has induced you or

17   caused you to plead guilty?

18             DEFENDANT REYES:  No, Your Honor.

19             THE COURT:  Has anyone promised you what your

20   sentence will be?

21             DEFENDANT REYES:  No, Your Honor.

22             THE COURT:  All right.  So can you tell me in your

23   own words what it is that makes you guilty of the lesser

24   included offense under Count 1?

25             DEFENDANT REYES:  I was selling drugs, sir.

1          THE COURT:  Okay.  So --

2          DEFENDANT REYES:  I can't say anything else.  I was

3     doing drugs, taking drugs.

4          THE COURT:  Okay.  So the charge you're facing is a

5     conspiracy charge.

6          DEFENDANT REYES:  Yes.

7          THE COURT:  Did you agree with others to possess

8     drugs with the intent to distribute them?

9          DEFENDANT REYES:  Yes.

10          THE COURT:  And --

11     (Counsel confers with defendant.)

12          THE COURT:  Let me just get the indictment here.

13     Did you agree to do this within the Eastern District of New

14     York?

15          DEFENDANT REYES:  Yes, Brooklyn, sir.  Your Honor.

16          THE COURT:  In Brooklyn?

17          DEFENDANT REYES:  Yes.

18          THE COURT:  Okay.  And what kind of drugs did you

19     agree to possess with intent to distribute?

20          DEFENDANT REYES:  Heroin.  Heroin, Your Honor.

21          THE COURT:  Okay.  And at least one kilogram?

22          DEFENDANT REYES:  Yes, Your Honor.

23          THE COURT:  Okay.

24          MR. DiCHIARA:  Judge, the -- I explained to him,

25     it's what's foreseeable in the conspiracy.  So one kilo is --

1    was foreseeable to him.

2              THE COURT:  Okay.

3         (Counsel confers with defendant.)

4              DEFENDANT REYES:  Yes, Your Honor.

5              THE COURT:  Okay.  Are there any questions the

6    government would like to ask, Mr. Reyes, to flush this out?

7              MS. SASSO:  No, Your Honor.  I think we would be

8    able to prove at trial that the sales of -- and trafficking

9    of heroin would have had an impact on interstate commerce and

10   we'd ask that the defendant agrees and stipulates to that.

11             THE COURT:  Mr. Reyes, do you agree?

12             DEFENDANT REYES:  Yes, Your Honor.

13             THE COURT:  And I know there's been a stipulation,

14   but as to the nature and the quantity of the drugs, is the

15   government prepared to prove that through laboratory testing

16   or other means?

17             MS. SASSO:  Yes, Your Honor.

18             THE COURT:  Okay.  And as part of the conspiracy is

19   -- is the government prepared to prove that the defendant is

20   -- was part of a conspiracy to commit the acts alleged in the

21   lesser included offense under Count 1?

22             MS. SASSO:  Yes, Your Honor.  We would establish at

23   trial as to each of the defendants that there were

24   communications over the period of December -- I'm sorry.

25   Between January 2015 and December of 2018, that the

defendants each agreed with each other and others that they
would obtain heroin in order to sell it, and that they did so
knowingly and with the intent or foreseeable understanding
that it would involve at least a kilogram of heroin.

THE COURT:  Okay.

MS. SASSO:  And also, I'm sorry, the government
would be able to prove through laboratory tests that much of
that heroin did also contain fentanyl.

THE COURT:  Did you hear what the government said,
Mr. Reyes?

DEFENDANT REYES:  Yes, Your Honor.

THE COURT:  And do you agree that that is in fact
what you did?

DEFENDANT REYES:  Yes, Your Honor.

THE COURT:  And do you agree that the conspiracy
took place in or about in between January of 2015 and
December of 2018?

DEFENDANT REYES:  Yes, Your Honor.

THE COURT:  Okay.  Is there anything further the
defense thinks should be placed on the record?

MR. DiCHIARA:  No, Your Honor.

THE COURT:  The government?

MS. SASSO:  No, Your Honor.

THE COURT:  So with respect to Mr. Reyes, I find
that you're acting voluntarily, you fully understand your

1    rights, the charges against you, the rights you're giving up

2    by pleading guilty, the consequences of a guilty plea,

3    including the possible sentence, fine, and other

4    consequences, that you understand that there's no guarantee

5    what your guideline range will be or what your sentence will

6    be at this point, and that there's a factual basis for the

7    plea that you did in fact commit the acts alleged in the

8    lesser included offense under Count 1.

9         I therefore recommend that Judge Korman accept your

10   plea of guilty to a lesser included offense under Count 1.

11        Okay.  Mr. Caamano.

12        DEFENDANT CAAMANO:  Yes, Your Honor.

13        THE COURT:  You're also pleading guilty to a lesser

14   included offense under Count 1.

15        DEFENDANT CAAMANO:  Yes, Your Honor.

16        THE COURT:  And again, it's a conspiracy that's

17   alleged to have taken place in the Eastern District of New

18   York between January of 2015 and December of 2018.  Can you

19   tell me what you did and why you're guilty?

20        DEFENDANT CAAMANO:  Between January 2015 and

21   December 2018, while in the Bronx, New York, I agreed with

22   others to possess and distribute heroin.  I knew one person

23   was operated in Brooklyn; at least 100 grams of heroin.

24        THE COURT:  Okay.  Is there anything that the

25   government would ask or seek to add at this point?

1          MS. SASSO:  Again, we could prove that there was an

2    impact on interstate commerce and would ask if the defendant

3    agrees to stipulate to that fact.

4          THE COURT:  Do you agree, Mr. Caamano?

5          DEFENDANT CAAMANO:  Yes, Your Honor.

6          THE COURT:  Okay.  Anything further from the

7    government?

8          MS. SASSO:  No, Your Honor.

9          THE COURT:  From the defense?

10         MR. VILLANUEVA:  No, Your Honor.  Thank you.

11         THE COURT:  All right.  Mr. Caamano, I find that

12   you're acting voluntarily, you fully understand your rights,

13   the charges against you, the rights you're giving up by

14   pleading guilty, the consequences of a guilty plea, including

15   the possible sentence, fine, and other penalties.

16         You understand that there is no guarantee what your

17   sentence will be at this time, or even what your guideline

18   range will be, and I find that there's a factual basis to the

19   plea that you did in fact commit a lesser included offense

20   under Count 1, so I therefor recommend that Judge Korman

21   accept your plea of guilty to that lesser included offense.

22         DEFENDANT CAAMANO:  Yes, Your Honor.

23         THE COURT:  Finally, Mr. Martinez.  Yours is a

24   little more complex.  You're pleading guilty to the lesser

25   included offense under Count 1 and to Count 3.  Can you --

1  can you tell me what it is that makes you guilty of those

2  charges?

3          MS. SASSO:  Your Honor, I'm sorry, if I may?  I

4  just realized as to Mr. Caamano and also next as to Mr.

5  Martinez, we forgot to go through the, whether this plea was

6  voluntary, absent force, no other promises.

7          THE COURT:  Okay.  Good.  Thank you.  All right.

8  Yes.  Thank you.

9          Mr. Caamano, are you agreeing to plead guilty

10  voluntarily?

11         DEFENDANT CAAMANO:  Yes, Your Honor.

12         THE COURT:  Has anybody forced you or threatened

13  you to make you agree to plead guilty?

14         DEFENDANT CAAMANO:  No, Your Honor.

15         THE COURT:  Has anybody promised you anything other

16  than what's in the plea agreement to make you agree to plead

17  guilty?

18         DEFENDANT CAAMANO:  No, Your Honor.

19         THE COURT:  Has anybody promised you what your

20  sentence will be?

21         DEFENDANT CAAMANO:  No, Your Honor.

22         THE COURT:  All right.  And I'll ask the same

23  questions to you, Mr. Martinez.  Are you pleading guilty

24  voluntarily?

25         DEFENDANT MARTINEZ:  Yes, Your Honor.

1      THE COURT:  Has anybody forced you or threatened

2   you to make you agree to plead guilty?

3      DEFENDANT MARTINEZ:  No, Your Honor.

4      THE COURT:  Has anybody promised you anything

5   that's not in the plea agreement that made you agree to plead

6   guilty?

7      DEFENDANT MARTINEZ:  No, Your Honor.

8      THE COURT:  Has anybody promised you what your

9   sentence will be?

10     DEFENDANT MARTINEZ:  No, Your Honor.

11     THE COURT:  Okay.  So, going back to Counts 1 and

12  Count 3, can you tell me what it is that you did that makes

13  you guilty of those counts?

14     DEFENDANT MARTINEZ:  In or about between January

15  2015 and December 2018, I, Robert Martinez, along with my co-

16  defendants in the Eastern District of New York did knowingly

17  distribute heroin, which involved more than 100 grams in

18  weight.

19     In connection with my heroin operation in the

20  Eastern District of New York, I did knowingly and

21  intentionally possess a firearm in connection with my heroin

22  operation.

23     THE COURT:  Is there anything the government would

24  add or ask?

25     MS. SASSO:  We would be able to establish

1    interstate commerce was affected on both Counts 1 and Count 3

2    for Mr. Martinez, based on the trafficking of narcotics and

3    the manufacturing of the firearm that was recovered.

4                THE COURT:  All right.  And does Mr. Martinez

5    stipulate to that?

6                MR. LAZZARO:  Yes, Your Honor.

7                THE COURT:  Okay.  Anything else from the

8    government on Mr. Martinez?

9                MS. SASSO:  No, Your Honor.

10               THE COURT:  From the defense?

11               MR. LAZZARO:  No.

12               THE COURT:  Mr. Martinez, I find that you as well

13   are acting voluntarily, that you fully understand your

14   rights, the charges against you, the rights you're giving up

15   by pleading guilty, all the consequences of a guilty plea,

16   including the sentence, fine, and other penalties, and you

17   understand that there's no guarantee what your sentence will

18   be at this point, and I find that you're -- that you did in

19   fact commit the crimes alleged in the lesser included offense

20   under Count 1, and the -- under Count 3.

21               So I therefore -- and the full count -- Count 3.

22   The lesser included is only as to Count 1.  So I therefor

23   recommend that Judge Korman accept your plea of guilty to a

24   lesser included offense under Count 1 and to Count 3.

25               And I think we have a sentencing date?

1          THE CLERK:  We do.  I have March -- or, I'm sorry,

2     May 13th at 2:30 for all defendants.

3          THE COURT:  All right.  So before we adjourn, is

4     there anything that we haven't discussed that we should

5     discuss, or anything that's been missed or omitted?

6          MS. SASSO:  Your Honor, I may have missed it, and

7     maybe Mr. Villanueva caught it, whether you did make the same

8     recommendation that the district judge accept Mr. Caamano's

9     plea.  Did you catch --

10          THE COURT:  I believe --

11          MS. SASSO:  You do or do not?

12          MR. VILLANUEVA:  I did not.

13          MS. SASSO:  Okay.  Yeah, I think --

14          THE COURT:  Oh, okay.

15          MS. SASSO:  Yes.

16          THE COURT:  Thank you.  All right.  So I therefore

17     recommend, based on what's been said so far, that Judge

18     Korman accept Mr. Caamano's plea of guilty to Count -- the

19     lesser included offense under Count 1.

20          DEFENDANT CAAMANO:  I understand.

21          MR. VILLANUEVA:  Thank you.

22          THE COURT:  Thank you.

23          THE COURT:  All right.  So do you all know that

24     there will be a presentence investigation report that will be

25     made, and that the Probation Department will be interviewing

1    you, and you'll have an opportunity to have your lawyer

2    present during that interview?  That report goes a long way

3    towards determining what your sentence will be, so it's

4    important to take it seriously and to present whatever you

5    need to present.

6            MR. DiCHIARA:  Thank you, Judge.

7            MR. VILLANUEVA:  Thank you.

8            MR. LAZZARO:  Thank you, Judge.

9            MS. SASSO:  Thank you.

10        (Proceedings concluded at 12:46 p.m.)

11            I, CHRISTINE FIORE, court-approved transcriber

12   and certified electronic reporter and transcriber, certify

13   that the foregoing is a correct transcript from the official

14   electronic sound recording of the proceedings in the above-

15   entitled matter.

16

17

18   _____        April 9, 2020

19        Christine Fiore, CERT

20            Transcriber

21

22

23

24